UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTONIO V. MURO,

Plaintiff,

v.

CAROLYN COLVIN, Acting Commissioner of Social Security,

Defendant.

Case No. 3:16-cv-00090-MMD-VPC

ORDER ACCEPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Valerie P. Cooke's Report and Recommendation ("R&R") (ECF No. 21), regarding plaintiff's motion to remand or reversal (ECF No. 12) and defendant's cross motion to affirm. Plaintiff had until February 8, 2017 to object to the R&R. (ECF No. 21.) To date, no objection has been filed.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review

employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

Nevertheless, this Court finds it appropriate to engage in a *de novo* review in order to determine whether to adopt the R&R. The R&R finds that the ALJ did not err in finding that Plaintiff's disability ended on February 5, 2013, nor did the ALJ err considering the opinions of Dr. Barton and Nurse Practitioner Drew, or in assessing Plaintiff's credibility. The R&R thus recommends that the Court deny Plaintiff's motion for remand (ECF No. 12) and grant defendant's cross motion to affirm (ECF No. 18). Upon review of the R&R and the records in this case, the Court determines that it is appropriate to adopt the R&R in full.

It is hereby ordered that the R&R (ECF No. 21) is accepted and adopted. Plaintiff's motion to remand (ECF No. 11) is denied and defendant's cross-motion to affirm (ECF No. 18) is granted.

The Clerk is directed to enter judgment and close this case.

DATED THIS 15th day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE